# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11359
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 17, 2017

Lyle W. Cayce
Clerk

IRENE TAWIAH DAGHER; JOHN DAGHER,

     Plaintiffs - Appellants

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for
Securitized Asset Backed Receivables L.L.C., Trust 2007-NCI Mortgage
Pass-Through Certificates, Series 2007-NCI; OCWEN FINANCIAL
CORPORATION,

     Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-3575

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

     Plaintiffs-Appellants Irene Tawiah Dagher and John Dagher appeal the
district court's final judgment dismissing their lawsuit against Defendants-
Appellees Deutsche Bank National Trust Company ("Deutsch") and Ocwen

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 16-11359

Financial Corporation ("Ocwen") on summary judgment. In brief, the Daghers were parties to an Adjustable Rate Balloon Note in the amount of $185,600.00, secured by a Deed of Trust covering certain real property. Deutsche was the mortgagee, and Ocwen was the mortgage servicer. The Daghers entered into a Modification Agreement in 2012 that required them to make a down payment and monthly payments thereafter. They made the down payment but failed to make any of the required monthly payments and therefore defaulted. Defendants-Appellees foreclosed on the property in early 2013.

The Daghers filed this lawsuit in state court alleging breach of contract, fraud, and intentional infliction of emotional distress, claiming that Defendants-Appellees wrongfully foreclosed under the Modification Agreement. Following removal under diversity jurisdiction, Defendants-Appellants moved for summary judgment, arguing that they possessed the contractual authority to foreclose and had complied with the applicable law and contractual provisions in doing so. The district court agreed. In a carefully written memorandum opinion and order, the court explained why Defendants-Appellees' foreclosure was proper under the undisputed facts and applicable law and, as a result, why all of the Daghers' claims must fail as a matter of law. It therefore dismissed the lawsuit with prejudice.

Based on our review of the summary judgment record, the applicable law, the district court's memorandum opinion and order, and the parties' briefs on appeal, we conclude the district court correctly dismissed the Daghers' baseless claims. Accordingly, we affirm, essentially for the reasons set out by the district court.

AFFIRMED.